UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re:                              §
                                    §
V CLINT MELLEN                      §     Case No. 12-03645
                                    §
              Debtor(s)             §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on
       . The undersigned trustee was appointed on               .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]         $

The remaining funds are available for distribution.

---
[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____     By:/s/DAVID R. BROWN_____
                                                 Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 12-03645 | DRC | Judge: | Donald R Cassling | Trustee Name: | DAVID R. BROWN |
|---|---|---|---|---|---|---|
| Case Name: | V CLINT MELLEN | | | | Date Filed (f) or Converted (c): | 02/01/2012 (f) |
| | | | | | 341(a) Meeting Date: | 04/03/2012 |
| For Period Ending: | 05/30/2014 | | | | Claims Bar Date: | 01/14/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 5636 Lee Ave, Downers Grove, IL (SURRENDER) | 247,900.00 | 0.00 | | 0.00 | FA |
| 2. 1423 Ridge, Westmont, IL 60527 (SURRENDER) held in held in trust, Trust#87-381, by Distinctive Development Corp, a dissolved corporation for the benefit of Debtor and Marcia Roubik with an Assignment of beneficial interest attaching to State Bank of Countryside | 183,400.00 | 0.00 | | 0.00 | FA |
| 3. 5700 Lee Ave, Downers Grove, IL  Debtor holds a 13% share in property. Title is held jointly with Brian & Carin Buchanan 50%, Diane Mellen 13%, V.Clint Mellon 13% and CDK Ventures LLC under a self directed IRA 26%. Total value of property is $210,000 | 27,300.00 | 0.00 | | 0.00 | FA |
| 4. 219 65th Street, Westmont, IL  (45' partial vacant lot unbuildable) PIN#09-22-104-113. Judicial lien held by State Bank of Countryside | 15,000.00 | 0.00 | | 0.00 | FA |
| 5. checking account with -West Suburban Bank | 2,600.00 | 0.00 | | 0.00 | FA |
| 6. Household goods; TV, DVD player, TV stand, stereo, sofa, vacuum, table, chairs, lamps, bedroom sets, washer/dryer, stove, refrigerator, microwave, dishes/flatware, pots/pans | 1,500.00 | 0.00 | | 0.00 | FA |
| 7. Books, Compact Discs, Tapes/Records, Family Pictur | 100.00 | 0.00 | | 0.00 | FA |
| 8. Necessary wearing apparel. | 200.00 | 0.00 | | 0.00 | FA |
| 9. ring, watch, wedding band | 50.00 | 0.00 | | 0.00 | FA |
| 10. IRA - 100% Exempt. | 14,000.00 | 0.00 | | 0.00 | FA |
| 11. IRA held with CDK Ventures - 100% Exempt. | 50,400.00 | 0.00 | | 0.00 | FA |
| 12. Bonds with the Village of Westmont. Judicial lien placed by State Bank Countryside. | 23,049.00 | 0.00 | | 0.00 | FA |
| 13. 2003 Ford Ranger - fair condition | 2,325.00 | 0.00 | | 0.00 | FA |

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 12-03645 | DRC | Judge: | Donald R Cassling | Trustee Name: | DAVID R. BROWN |
| Case Name: | V CLINT MELLEN | | | | Date Filed (f) or Converted (c): | 02/01/2012 (f) |
| | | | | | 341(a) Meeting Date: | 04/03/2012 |
| For Period Ending: | 05/30/2014 | | | | Claims Bar Date: | 01/14/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 14. Hand tools, power tools, work tools | 1,000.00 | 0.00 | | 0.00 | FA |
| 15. Family Pets/Animals. 2 cats | Unknown | 0.00 | | 0.00 | FA |
| 16. 221 65th Street, Westmont, IL | 14,000.00 | 22,500.00 | | 22,500.00 | FA |
| (26' vacabt partial lot, unbuildable) PIN#22-104-081 Property held in Trust, Trust#87-381, with Distinctive Development, a dissolved corporation, for the benefit of Debtor and Marcia Roubik with an assignment of beneficial interest attaching to State Bank of Countryside | | | | | |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

 Gross Value of Remaining Assets
TOTALS (Excluding Unknown Values)   $582,824.00   $22,500.00   $22,500.00   $0.00
(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Hearing on Objection to claim 10/11/13 and creditor requested a continuance to 10/25/13. After Objection resolved, Trustee will file Final Report.

Initial Projected Date of Final Report (TFR): 09/30/2013      Current Projected Date of Final Report (TFR): 11/15/2013

**UST Form 101-7-TFR (5/1/2011)** *(Page: 4)*

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 12-03645 | Trustee Name: DAVID R. BROWN |
| Case Name: V CLINT MELLEN | Bank Name: The Bank of New York Mellon |
| | Account Number/CD#: XXXXXX7467 |
| | Checking |
| Taxpayer ID No: XX-XXX0226 | Blanket Bond (per case limit): $5,000,000.00 |
| For Period Ending: 05/30/2014 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 06/27/13 | 16 | BSLB, LLC<br>1430 Branding Avenue<br>Suite 175<br>Downers Grove, IL 60515 | real estate purchase | 1110-000 | $22,500.00 | | $22,500.00 |
| 08/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $33.44 | $22,466.56 |
| 09/09/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $33.40 | $22,433.16 |
| 10/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $32.28 | $22,400.88 |
| 11/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $33.30 | $22,367.58 |
| 12/06/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $32.18 | $22,335.40 |
| 01/08/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $33.20 | $22,302.20 |
| 02/04/14 | 1001 | INTERNATIONAL SURETIES, LTD.<br>Suite 420<br>701 Poydras St<br>New Orleans, LA 70139 | bond premium | 2300-000 | | $30.00 | $22,272.20 |
| 02/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $33.16 | $22,239.04 |
| 03/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $29.88 | $22,209.16 |
| 04/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $33.02 | $22,176.14 |
| 05/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $31.91 | $22,144.23 |

**UST Form 101-7-TFR (5/1/2011)** *(Page: 5)*       Page Subtotals:       $22,500.00       $355.77

|  |  |  |  |
|---|---:|---:|---|
| COLUMN TOTALS | $22,500.00 | $355.77 | Exhibit B |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |  |
| Subtotal | $22,500.00 | $355.77 |  |
| Less: Payments to Debtors | $0.00 | $0.00 |  |
| Net | $22,500.00 | $355.77 |  |

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX7467 - Checking | $22,500.00 | $355.77 | $22,144.23 |
|  | $22,500.00 | $355.77 | $22,144.23 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $22,500.00 |
| Total Gross Receipts: | $22,500.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:12-03645-DRC  
Debtor Name: V CLINT MELLEN  
Claims Bar Date: 1/14/2013  

Date: May 30, 2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---:|---:|---:|
| 100 2100 | DAVID R. BROWN<br>400 SOUTH COUNTY FARM ROAD<br>WHEATON, IL 60187 | Administrative | | $0.00 | $3,000.00 | $3,000.00 |
| 100 3110 | SPRINGER BROWN, LLC<br>400 South County Farm Road<br>Suite 330<br>Wheaton, IL 60187 | Administrative | | $0.00 | $4,297.50 | $4,297.50 |
| 1A 300 7100 | State Bank Of Countryside<br>Bankruptcy Department<br>6734 Joliet Rd.<br>Countryside, Il 60525 | Unsecured | Approval of Sale included claimant's waiver of claims against the estate | $0.00 | $139,286.65 | $0.00 |
| 2 300 7100 | DEPARTMENT OF THE TREASURY<br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Unsecured | Amended Claim from $10,000 to $0.00 | $0.00 | $0.00 | $0.00 |
| 3 300 7100 | N. A. As Successor In Interest Fia Card Services<br>Fia Card Services, N.A.As Successor In Interest<br>To Bank Of America And Mbna America Bank<br>4161 Piedmont Parkway<br>Nc4 105 03 14<br>Greensboro, Nc 27410 | Unsecured | | $0.00 | $14,574.13 | $14,574.13 |
| 4 300 7100 | American Express Centurion Bank<br>Becket And Lee Llp<br>Attorneys/Agent For Creditor<br>Pob 3001<br>Malvern, Pa 19355-0701 | Unsecured | | $0.00 | $49,371.18 | $49,371.18 |
| 5 300 7100 | American Express Centurion Bank<br>Becket And Lee Llp<br>Attorneys/Agent For Creditor<br>Pob 3001<br>Malvern, Pa 19355-0701 | Unsecured | | $0.00 | $192.35 | $192.35 |
| 6 300 7100 | N. A. Capital One Bank (Usa)<br>Capital One Bank (Usa), N.A.<br>By American Infosource Lp As Agent<br>Po Box 71083<br>Charlotte, Nc 28272-1083 | Unsecured | | $0.00 | $10,798.48 | $10,798.48 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:12-03645-DRC  
Debtor Name: V CLINT MELLEN  
Claims Bar Date: 1/14/2013  

Date: May 30, 2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 7<br>300<br>7100 | Fsb American Express Bank<br>American Express Bank, Fsb<br>C O Becket And Lee Llp<br>Pob 3001<br>Malvern, Pa 19355-0701 | Unsecured | | $0.00 | $524.71 | $524.71 |
| 8<br>300<br>7100 | Marcia Roubik<br>C/O Terry W. Huebner, Attorney<br>At Law<br>P.O. Box 98<br>Hinsdale, Il 60522-0098 | Unsecured | Order Objecting to Claim entered 5/16/14 disallowing priority and secured portions and reclassifying entire claim as unsecured. | $0.00 | $500,000.00 | $500,000.00 |
| 9<br>350<br>7200 | PNC BANK<br>PO Box 94982<br>Cleveland, OH 44101 | Unsecured | late filed claim | $0.00 | $160,976.08 | $160,976.08 |
| 1<br>400<br>4110 | State Bank Of Countryside<br>Bankruptcy Department<br>6734 Joliet Rd.<br>Countryside, Il 60525 | Secured | Approval of Sale included claimant's waiver of claims against the estate | $0.00 | $15,000.00 | $0.00 |
| | Case Totals | | | $0.00 | $898,021.08 | $743,734.43 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-03645
Case Name: V CLINT MELLEN
Trustee Name: DAVID R. BROWN

Balance on hand                                                                   $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 1 | State Bank Of Countryside | $ | $ | $ | $ |

    Total to be paid to secured creditors                                    $_____

    Remaining Balance                                                        $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: DAVID R. BROWN | $ | $ | $ |
| Attorney for Trustee Fees: SPRINGER BROWN, LLC | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses                  $_____

    Remaining Balance                                                        $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $         must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $            have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1A | State Bank Of Countryside | $ | $ | $ |
| 2 | DEPARTMENT OF THE TREASURY | $ | $ | $ |
| 3 | N. A. As Successor In Interest Fia Card Services | $ | $ | $ |
| 4 | American Express Centurion Bank | $ | $ | $ |
| 5 | American Express Centurion Bank | $ | $ | $ |
| 6 | N. A. Capital One Bank (Usa) | $ | $ | $ |
| 7 | Fsb American Express Bank | $ | $ | $ |
| 8 | Marcia Roubik | $ | $ | $ |

Total to be paid to timely general unsecured creditors        $_____

Remaining Balance                                             $_____

      Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be    percent.

      Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 9 | PNC BANK | $ | $ | $ |

    Total to be paid to tardy general unsecured creditors    $_____

    Remaining Balance    $_____

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $    have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be    percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE