## UNITED STATES BANKRUPTCY COURT
NORTHERN **DISTRICT OF** ILLINOIS
EASTERN **DIVISION**

In re:                              §
                                    §
V CLINT MELLEN                      §    Case No. 12-03645
                                    §
        Debtor(s)                   §

### NOTICE OF TRUSTEE'S FINAL REPORT AND APPLICATIONS FOR COMPENSATION AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that DAVID R. BROWN, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
219 S. Dearborn Street
Chicago, IL  60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the Trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:30 AM on 6/27/14 in Courtroom 240,

Old Kane County Courthouse
100 S. Third Street
Geneva, Illinois 60134

If no objections are filed, upon entry of an Order on the fee applications, the Trustee may pay dividends pursuant to FRBP 3009 without further Order of the Court.

Date Mailed: _____        By: _____

DAVID R. BROWN
400 South County Farm Road
Suite 330
Wheaton, IL  60187

UST Form 101-7-NFR (10/1/2010) (Page: 1)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re: §
§
§
V CLINT MELLEN § Case No. 12-03645
§
Debtor(s) §

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | | |
|---|---|---|
| The Final Report shows receipts of | $ | 22,500.00 |
| and approved disbursements of | $ | 355.77 |
| leaving a balance on hand of[1] | $ | 22,144.23 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 1 | State Bank Of Countryside | $ 15,000.00 | $ 0.00 | $ 0.00 | $ 0.00 |

| | |
|---|---|
| Total to be paid to secured creditors | $ 0.00 |
| Remaining Balance | $ 22,144.23 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: DAVID R. BROWN | $ 3,000.00 | $ 0.00 | $ 3,000.00 |
| Attorney for Trustee Fees: SPRINGER BROWN, LLC | $ 4,297.50 | $ 0.00 | $ 4,297.50 |

| | |
|---|---|
| Total to be paid for chapter 7 administrative expenses | $ 7,297.50 |
| Remaining Balance | $ 14,846.73 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010) *(Page: 2)*

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 575,460.85 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 2.6 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 1A | State Bank Of Countryside | $ 0.00 | $ 0.00 | $ 0.00 |
| 2 | DEPARTMENT OF THE TREASURY | $ 0.00 | $ 0.00 | $ 0.00 |
| 3 | N. A. As Successor In Interest Fia Card Services | $ 14,574.13 | $ 0.00 | $ 376.01 |
| 4 | American Express Centurion Bank | $ 49,371.18 | $ 0.00 | $ 1,273.76 |
| 5 | American Express Centurion Bank | $ 192.35 | $ 0.00 | $ 4.96 |
| 6 | N. A. Capital One Bank (Usa) | $ 10,798.48 | $ 0.00 | $ 278.60 |
| 7 | Fsb American Express Bank | $ 524.71 | $ 0.00 | $ 13.54 |
| 8 | Marcia Roubik | $ 500,000.00 | $ 0.00 | $ 12,899.86 |

| | | | |
|---|---|---|---|
| Total to be paid to timely general unsecured creditors | | $ | 14,846.73 |
| Remaining Balance | | $ | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 160,976.08 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 9 | PNC BANK | $ 160,976.08 | $ 0.00 | $ 0.00 |

| | | | |
|---|---|---|---|
| Total to be paid to tardy general unsecured creditors | | $ | 0.00 |
| Remaining Balance | | $ | 0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/ David R. Brown
Trustee

DAVID R. BROWN
400 South County Farm Road
Suite 330
Wheaton, IL 60187

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

*orig. sent 5/22/14*
*redid + resent 5/30/14*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re:   §
         §
V CLINT MELLEN   §   Case No. 12-03645
         §
         §
_____ Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 02/01/2012 . The undersigned trustee was appointed on 02/01/2012 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of         $    22,500.00

   Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 30.00 |
| Bank service fees | 325.77 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]          $ | 22,144.23 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 01/14/2013 and the deadline for filing governmental claims was 01/14/2013 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 3,000.00 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 3,000.00 , for a total compensation of $ 3,000.00 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 05/30/2014            By:/s/DAVID R. BROWN
                                Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

Page: 1

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Exhibit A

| Case No: | 12-03645 | DRC | Judge: | Donald R Cassling | Trustee Name: | DAVID R. BROWN |
|---|---|---|---|---|---|---|
| Case Name: | V CLINT MELLEN | | | | Date Filed (f) or Converted (c): | 02/01/2012 (f) |
| | | | | | 341(a) Meeting Date: | 04/03/2012 |
| For Period Ending: | 05/30/2014 | | | | Claims Bar Date: | 01/14/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 5636 Lee Ave, Downers Grove, IL (SURRENDER) | 247,900.00 | 0.00 | | 0.00 | FA |
| 2. 1423 Ridge, Westmont, IL 60527 (SURRENDER) held in | 183,400.00 | 0.00 | | 0.00 | FA |
| held in trust, Trust#87-381, by Distinctive Development Corp, a dissolved corporation for the benefit of Debtor and Marcia Roubik with an Assignment of beneficial interest attaching to State Bank of Countryside | | | | | |
| 3. 5700 Lee Ave, Downers Grove, IL | 27,300.00 | 0.00 | | 0.00 | FA |
| Debtor holds a 13% share in property. Title is held jointly with Brian & Carin Buchanan 50%, Diane Mellen 13%, V.Clint Mellon 13% and CDK Ventures LLC under a self directed IRA 26%. Total value of property is $210,000 | | | | | |
| 4. 219 65th Street, Westmont, IL | 15,000.00 | 0.00 | | 0.00 | FA |
| (45' partial vacant lot unbuildable) PIN#09-22-104-113. Judicial lien held by State Bank of Countryside | | | | | |
| 5. checking account with -West Suburban Bank | 2,600.00 | 0.00 | | 0.00 | FA |
| 6. Household goods; TV, DVD player, TV stand, stereo, | 1,500.00 | 0.00 | | 0.00 | FA |
| sofa, vacuum, table, chairs, lamps, bedroom sets, washer/dryer, stove, refrigerator, microwave, dishes/flatware, pots/pans | | | | | |
| 7. Books, Compact Discs, Tapes/Records, Family Pictur | 100.00 | 0.00 | | 0.00 | FA |
| 8. Necessary wearing apparel. | 200.00 | 0.00 | | 0.00 | FA |
| 9. ring, watch, wedding band | 50.00 | 0.00 | | 0.00 | FA |
| 10. IRA - 100% Exempt. | 14,000.00 | 0.00 | | 0.00 | FA |
| 11. IRA held with CDK Ventures - 100% Exempt. | 50,400.00 | 0.00 | | 0.00 | FA |
| 12. Bonds with the Village of Westmont. Judicial lien | 23,049.00 | 0.00 | | 0.00 | FA |
| placed by State Bank Countryside. | | | | | |
| 13. 2003 Ford Ranger - fair condition | 2,325.00 | 0.00 | | 0.00 | FA |

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

Page: 2

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 12-03645 | DRC | Judge: | Donald R Cassling | Trustee Name: | DAVID R. BROWN |
|---|---|---|---|---|---|---|
| Case Name: | V CLINT MELLEN | | | | Date Filed (f) or Converted (c): | 02/01/2012 (f) |
| | | | | | 341(a) Meeting Date: | 04/03/2012 |
| For Period Ending: | 05/30/2014 | | | | Claims Bar Date: | 01/14/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 14. Hand tools, power tools, work tools | 1,000.00 | 0.00 | | 0.00 | FA |
| 15. Family Pets/Animals. 2 cats | Unknown | 0.00 | | 0.00 | FA |
| 16. 221 65th Street, Westmont, IL | 14,000.00 | 22,500.00 | | 22,500.00 | FA |
| (26' vacabt partial lot, unbuildable) PIN#22-104-081 Property held in Trust, Trust#87-381, with Distinctive Development, a dissolved corporation, for the benefit of Debtor and Marcia Roubik with an assignment of beneficial interest attaching to State Bank of Countryside | | | | | |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

TOTALS (Excluding Unknown Values) | | $582,824.00 | $22,500.00 | | $22,500.00 | Gross Value of Remaining Assets $0.00
(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Hearing on Objection to claim 10/11/13 and creditor requested a continuance to 10/25/13. After Objection resolved, Trustee will file Final Report.

Initial Projected Date of Final Report (TFR): 09/30/2013    Current Projected Date of Final Report (TFR): 11/15/2013

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

Page: 1

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 12-03645
Case Name: V CLINT MELLEN
Trustee Name: DAVID R. BROWN
Bank Name: The Bank of New York Mellon
Account Number/CD#: XXXXXX7467
Checking
Blanket Bond (per case limit): $5,000,000.00
Separate Bond (if applicable):

Taxpayer ID No: XX-XXX0226
For Period Ending: 05/30/2014

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 06/27/13 | 16 | BSLB, LLC<br>1430 Branding Avenue<br>Suite 175<br>Downers Grove, IL 60515 | real estate purchase | 1110-000 | $22,500.00 | | $22,500.00 |
| 08/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $33.44 | $22,466.56 |
| 09/09/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $33.40 | $22,433.16 |
| 10/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $32.28 | $22,400.88 |
| 11/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $33.30 | $22,367.58 |
| 12/06/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $32.18 | $22,335.40 |
| 01/08/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $33.20 | $22,302.20 |
| 02/04/14 | 1001 | INTERNATIONAL SURETIES, LTD.<br>Suite 420<br>701 Poydras St<br>New Orleans, LA 70139 | bond premium | 2300-000 | | $30.00 | $22,272.20 |
| 02/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $33.16 | $22,239.04 |
| 03/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $29.88 | $22,209.16 |
| 04/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $33.02 | $22,176.14 |
| 05/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $31.91 | $22,144.23 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

Page Subtotals: $22,500.00    $355.77

Page: 2

| | | | |
|---|---:|---:|---|
| COLUMN TOTALS | $22,500.00 | $355.77 | |
| Less: Bank Transfers/CD's | $0.00 | $0.00 | Exhibit B |
| Subtotal | $22,500.00 | $355.77 | |
| Less: Payments to Debtors | $0.00 | $0.00 | |
| Net | $22,500.00 | $355.77 | |

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*     Page Subtotals:     $0.00     $0.00

Page: 3

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX7467 - Checking | $22,500.00 | $355.77 | $22,144.23 |
| | $22,500.00 | $355.77 | $22,144.23 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $22,500.00 |
| Total Gross Receipts: | $22,500.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 7)*

Page Subtotals: $0.00 $0.00

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:12-03645-DRC
Debtor Name: V CLINT MELLEN
Claims Bar Date: 1/14/2013

Date: May 30, 2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | DAVID R. BROWN<br>400 SOUTH COUNTY FARM ROAD<br>WHEATON, IL 60187 | Administrative | | $0.00 | $3,000.00 | $3,000.00 |
| 100 3110 | SPRINGER BROWN, LLC<br>400 South County Farm Road<br>Suite 330<br>Wheaton, IL 60187 | Administrative | | $0.00 | $4,297.50 | $4,297.50 |
| 1A 300 7100 | State Bank Of Countryside<br>Bankruptcy Department<br>6734 Joliet Rd.<br>Countryside, Il 60525 | Unsecured | Approval of Sale included claimant's waiver of claims against the estate | $0.00 | $139,286.65 | $0.00 |
| 2 300 7100 | DEPARTMENT OF THE TREASURY<br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Unsecured | Amended Claim from $10,000 to $0.00 | $0.00 | $0.00 | $0.00 |
| 3 300 7100 | N. A. As Successor In Interest Fia Card Services<br>Fia Card Services, N.A.As Successor In Interest<br>To Bank Of America And Mbna America Bank<br>4161 Piedmont Parkway<br>Nc4 105 03 14<br>Greensboro, Nc 27410 | Unsecured | | $0.00 | $14,574.13 | $14,574.13 |
| 4 300 7100 | American Express Centurion Bank<br>Becket And Lee Llp<br>Attorneys/Agent For Creditor<br>Pob 3001<br>Malvern, Pa 19355-0701 | Unsecured | | $0.00 | $49,371.18 | $49,371.18 |
| 5 300 7100 | American Express Centurion Bank<br>Becket And Lee Llp<br>Attorneys/Agent For Creditor<br>Pob 3001<br>Malvern, Pa 19355-0701 | Unsecured | | $0.00 | $192.35 | $192.35 |
| 6 300 7100 | N. A. Capital One Bank (Usa)<br>Capital One Bank (Usa), N.A.<br>By American Infosource Lp As Agent<br>Po Box 71083<br>Charlotte, Nc 28272-1083 | Unsecured | | $0.00 | $10,798.48 | $10,798.48 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:12-03645-DRC  
Debtor Name: V CLINT MELLEN  
Claims Bar Date: 1/14/2013  

Date: May 30, 2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 7 300 7100 | Fsb American Express Bank<br>American Express Bank, Fsb<br>C O Becket And Lee Llp<br>Pob 3001<br>Malvern, Pa 19355-0701 | Unsecured | | $0.00 | $524.71 | $524.71 |
| 8 300 7100 | Marcia Roubik<br>C/O Terry W. Huebner, Attorney At Law<br>P.O. Box 98<br>Hinsdale, Il 60522-0098 | Unsecured | Order Objecting to Claim entered 5/16/14 disallowing priority and secured portions and reclassifying entire claim as unsecured. | $0.00 | $500,000.00 | $500,000.00 |
| 9 350 7200 | PNC BANK<br>PO Box 94982<br>Cleveland, OH 44101 | Unsecured | late filed claim | $0.00 | $160,976.08 | $160,976.08 |
| 1 400 4110 | State Bank Of Countryside<br>Bankruptcy Department<br>6734 Joliet Rd.<br>Countryside, Il 60525 | Secured | Approval of Sale included claimant's waiver of claims against the estate | $0.00 | $15,000.00 | $0.00 |
| | Case Totals | | | $0.00 | $898,021.08 | $743,734.43 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-03645
Case Name: V CLINT MELLEN
Trustee Name: DAVID R. BROWN

| | Balance on hand | $ | 22,144.23 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 1 | State Bank Of Countryside | $ 15,000.00 | $ 0.00 | $ 0.00 | $ 0.00 |

| Total to be paid to secured creditors | $ | 0.00 |
| Remaining Balance | $ | 22,144.23 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: DAVID R. BROWN | $ 3,000.00 | $ 0.00 | $ 3,000.00 |
| Attorney for Trustee Fees: SPRINGER BROWN, LLC | $ 4,297.50 | $ 0.00 | $ 4,297.50 |

| Total to be paid for chapter 7 administrative expenses | $ | 7,297.50 |
| Remaining Balance | $ | 14,846.73 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 575,460.85 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 2.6 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1A | State Bank Of Countryside | $ 0.00 | $ 0.00 | $ 0.00 |
| 2 | DEPARTMENT OF THE TREASURY | $ 0.00 | $ 0.00 | $ 0.00 |
| 3 | N. A. As Successor In Interest Fia Card Services | $ 14,574.13 | $ 0.00 | $ 376.01 |
| 4 | American Express Centurion Bank | $ 49,371.18 | $ 0.00 | $ 1,273.76 |
| 5 | American Express Centurion Bank | $ 192.35 | $ 0.00 | $ 4.96 |
| 6 | N. A. Capital One Bank (Usa) | $ 10,798.48 | $ 0.00 | $ 278.60 |
| 7 | Fsb American Express Bank | $ 524.71 | $ 0.00 | $ 13.54 |
| 8 | Marcia Roubik | $ 500,000.00 | $ 0.00 | $ 12,899.86 |
| | Total to be paid to timely general unsecured creditors | | $ | 14,846.73 |
| | Remaining Balance | | $ | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 160,976.08 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 9 | PNC BANK | $ 160,976.08 | $ 0.00 | $ 0.00 |
| | Total to be paid to tardy general unsecured creditors | | $ | 0.00 |
| | Remaining Balance | | $ | 0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE